PARK-N-SHOP, INC., A CORPORATION v. I. L. CLAYTON, ACTING COMMISSIONER OF REVENUE FOR THE STATE OF NORTH CAROLINA.

(Filed 7 April, 1965.)

**Taxation § 29—**

Where it appears that a taxpayer turning its inventory over once a month on the average, used the "purchase invoice method" over a period of years in computing the amount of sales tax due, and was advised that, because of a change in the tax laws removing exemptions theretofore accorded, the "purchase invoice method" would no longer be permitted, *held,* during the month for which the taxpayer pays the tax on its actual sales, it is entitled to a credit for the tax paid on its entire taxable inventory on hand on the date the change in the method of computation became effective.

APPEAL by plaintiff from *Patton, J.,* December 14, 1964 Schedule "C" Non-Jury Session of MECKLENBURG.

This action was begun against W. A. Johnson, as Commissioner of Revenue, to recover an alleged invalid tax assessment, paid under protest. The parties stipulated the facts summarized in the opinion. The court concluded the facts, as stipulated, established a valid assessment. It thereupon entered judgment that plaintiff take nothing. Plaintiff excepted and appealed. After the appeal was docketed here, I. L. Clayton, acting Commissioner of Revenue, was, on motion of the Attorney General, substituted for defendant Johnson, who had resigned.

*Attorney General Bruton and Assistant Attorney General Barham for defendant appellee.*

*Moore & Van Allen by William K. Van Allen and John T. Allred for plaintiff appellant.*

RODMAN, J. The facts stipulated summarily stated are: Plaintiff has, since October 1956, conducted a retail mercantile business in Charlotte. Many of the articles sold by it were exempt from the tax

levied pursuant to Art. 5, c. 105 of the General Statutes. (See G.S. 1943 Ed., 105-169 and c. 1340, S.L. 1957.) Because of the large number of articles exempt from taxation, plaintiff, prior to July 1961, used the "purchase invoice method" to measure its sales tax liability. "This method had been accepted by auditors of the Department of Revenue as a means of establishing tax liability where retail merchants did not maintain sales records adequately segregating taxable sales from non-taxable sales."

Plaintiff, using the purchase invoice method, reported monthly the taxable articles purchased. To its purchase price, it added its markup to ascertain its sale price. On the sale price so ascertained, it computed its tax liability. "Plaintiff's volume of sales are such that its merchandise turns over on the average of once every thirty days." Using the invoice purchase method, plaintiff paid the Department of Revenue the tax on all merchandise purchased prior to July 1, 1961, which would have been subject to the sales tax if sold prior to that date.

C. 826, S.L. 1961, effective July 1, 1961, removed the tax exemptions theretofore accorded many of the articles of merchandise sold by plaintiff. On June 23, 1961, eight days after the ratification of that act, the Commissioner of Revenue gave notice that the "purchase invoice method" of computing the amount of tax liability would not be acceptable with respect to sales made subsequent to July 1, 1961. "Taxpayers were further advised that those merchants who had theretofore employed the 'purchase invoice method' of reporting their sales tax liability would be permitted to take as a tax credit the tax on any increase in its taxable inventory during the three years prior to July 1, 1961."

Plaintiff, in August 1961, reported to the Commissioner the sales actually made by it in July 1961. It computed its tax liability on sales made. It claimed a credit against this liability of $2,567.61. The credit asserted represented the tax theretofore paid on plaintiff's entire taxable inventory of $85,587.05, on hand on June 30, 1961.

In January 1964, the Commissioner, as a result of an audit, assessed plaintiff with an additional tax of $1,259.61. This assessment was based on the Commissioner's refusal to allow full credit for the $2,567.61 claimed in the report filed showing sales in July 1961. Defendant allowed as a credit $1,308.00, "based on an increase of $43,600.00 in plaintiff's taxable inventory between July 1, 1958 and June 30, 1961. The credit claimed by plaintiff for the remaining taxable inventory of $41,987.05, on hand June 30, 1961, was disallowed."

We have sought, without success, to find some logical reason for restricting the credit for taxes prepaid to the increase in inventory between July 1, 1958 and June 30, 1961. The Commissioner of Revenue had plenary authority to promulgate regulations "for the ascertain-

ment, assessment and collection" of sales taxes, G.S. 105-164.43. Pursuant to this statutory provision, he authorized merchants handling large quantities of tax exempt articles to use the "purchase invoice method" to compute their tax liability. This method, as to the goods not sold on the reporting and payment date, resulted in a payment before the tax liability accrued. Defendant does not contend the method plaintiff used would not accurately measure its tax liability when it disposed of its merchandise. This, by stipulation in this case, occurred every month. When, in July 1961, plaintiff reported and paid the tax on articles theretofore purchased, it was merely prepaying the tax which would not accrue until these articles were sold.

The Legislature never contemplated double taxation, once on a purchase for sale and then on the actual sale. The Legislature, in clear, unmistakable language, said a taxpayer who had prepaid his liability was entitled to a refund or credit on subsequently accruing taxes, G.S. 105-164.35. There is nothing in this statute which suggests the merchant is not entitled to full credit for the excess payment made. Plaintiff makes no claim for taxes paid on merchandise purchased prior to July 1, 1958, such merchandise was sold long prior to 1961. That is the necessary implication of the stipulation that stock merchandise is turned over every thirty days.

On the stipulated facts, judgment should have been rendered that plaintiff recover the payment made under protest.

Reversed.